IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| PAT JARRETT HELTON, | § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION No. 2:18-CV-148-Z |
| | § | (CRIMINAL ACTION No. 2:16-CR-88-Z) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed August 13, 2018 (ECF No. 2) ("Motion"). For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

On December 12, 2016, Petitioner was charged with convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *See* CR ECF No. 3.[1] During his re-arraignment, he averred he had committed each essential element of the offense. *See* CR ECF No. 50, at 18 *ll*. 3-5. The Court accepted Petitioner's guilty plea. *See id.*, at 18 *ll*. 21-23.

The Presentence Investigation Report ("PSR") calculated a total offense level of 26 after a 10-level increase for: (1) possession of over 25 firearms (but less than 99), (2) possession of a destructive device, and (3) at least one firearm in defendant's possession during the offense was stolen. CR ECF No. 28-1, at 13. Petitioner was assessed three criminal history points for his past crimes and determined to be a criminal history category level II. *See id.*, at 16-17. Petitioner's

---

[1]Record citations to Petitioner's underlying federal criminal case, *United States v. Helton*, 2:16-CR-88-Z-BR, shall be to "CR ECF No." throughout this Opinion.

guideline range was assessed at 70 to 87 months. *See id.* at 24. Petitioner was sentenced to a high end of the guideline range sentence of 87 months and a three-year term of supervised release, to run consecutive to two state court sentences. *See* CR ECF No. 47, at 2. Petitioner did not appeal his conviction or sentence.

Petitioner now asks the Court to vacate his sentence and reconsider the term of imprisonment, alleging ineffective assistance of counsel for: (1) failure to timely file objections to the PSR, (2) failure to mention the Government's recommendation of a 60-month sentence and/or argue for a 60-month sentence independently of any recommendation, (3) failure to object to the criminal history category, and (4) failure to object to unlawfully seized property. *See* ECF No. 2, at 7-8. The Government argues the Motion should be denied because Petitioner's claims concerning objections are conclusory and meritless, his property seizure claims are waived by the binding plea agreement, and counsel was not ineffective for failing to argue for a 60-month sentence. *See* ECF No. 7, at 11-15. Petitioner filed no reply.

**LEGAL STANDARD**

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 motion, a Petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

2

1996).

## ANALYSIS

In its October 29, 20218 response, the Government thoroughly and accurately briefed statutory authority and case law regarding the applicable standards of review for reviewing claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 689 (1984) and its progeny. *See* ECF No. 7 at 8-11. The Court notes its obligation to follow these clearly established standards without the need of repeating the Government's briefing.

"When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981). Here, the record clearly refutes all of Petitioner's claims; thus, no evidentiary hearing is needed.

### A. Untimely Objections

Petitioner asserts that his counsel failed to timely file objections to the PSR. *See* ECF No. 2, at 7. He does not specify what specific objection to the PSR was not raised by counsel in a timely fashion. *See id.* However, the record reflects that counsel twice asked for, and was granted, an extension of time to file objections to the PSR (CR ECF Nos. 29, 31, 32, and 33). Counsel for Petitioner then filed objections to the PSR (CR ECF No. 34). Further, as part of the objections filed by counsel to the PSR, counsel argued for a 5K reduction in sentence. *See* CR ECF 34, at 1-2.

"[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Petitioner's failure to identify what specific objection to the PSR was needed renders his claim meritless because the Court cannot determine if the objection had any merit. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Thus, Petitioner's first ground for relief is **DENIED**.

## B. 60-Month Sentence

Petitioner next argues that counsel was ineffective for failure to argue for a 60-month sentence. The Court first reiterates that counsel formerly requested a 5K downward departure from the 70 to 87-month guideline range in his objections to the PSR. *See* CR ECF No. 34, at 1-2. Second, during the sentence hearing, counsel *again* argued for a sentence that departed downward from the sentencing guidelines. *See* CR ECF No. 51, at 8-10. Although counsel did not specifically argue for a 60-month sentence, he certainly did argue for a sentence *less than* 70 months. Still, the Court sentenced him to the high end of the guideline range. *See* CR ECF No. 47, at 2. Thus, Petitioner's claim for relief based on counsel's failure to argue for a downward departure are factually meritless and contrary to the record.

To the extent that Petitioner argues that he had an "understanding" that he would be sentenced to 60 months based on promises by either his counsel or the Government, such claims are contrary to his sworn testimony before the District Judge. *See* CR ECF Nos. 50, 51. To be constitutionally valid, a guilty plea must be knowing and voluntary. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Thus, a guilty plea may be invalid if induced by defense counsel's unkept promises. *See id.* On the other hand, a defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

To obtain relief on an allegation of an alleged unfulfilled promise that is inconsistent with representations made in open court, petitioner must conclusively show: (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise

identity of an eyewitness to the promise. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Petitioner has failed to meet this burden.

The Court initially notes Petitioner's plea agreement does not reference any such "promise," nor did Petitioner advise the District Judge, at the time of his guilty plea at re-arraignment, of his belief of the existence of such a promise. In this collateral proceeding, Petitioner has failed to produce any independent indicia of the likely merit of his allegations (typically in the form of one or more affidavits from reliable third parties). In addition, Petitioner has failed to make any other showing inconsistent with the bulk of his conduct, or demonstrated other evidence existing in the record proves the likely merit of his specific allegation of a promise. Moreover, to demonstrate the prejudice required for an ineffective assistance of counsel claim, Petitioner must show there is a reasonable probability that, but for counsel's deficient actions, he would not have pleaded guilty but, instead, would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner has not alleged, much less shown any reasonable probability, that he would have insisted on going to trial if not for defense counsel's alleged unfilled promise. Petitioner's claim that he was denied the effective assistance of counsel as a result of defense counsel's unfulfilled promises, and that such promises induced his guilty plea, presumably to such an extent that it was involuntary, is without merit and is **DENIED**.

### C. Criminal History Category

Petitioner asserts that counsel failed to object to his criminal history category. *See* ECF No. 2, at 7-8. Petitioner argues in the attached briefing that his criminal history category was wrongfully assessed at a category V. *See id.*, at 18. This is factually incorrect. Petitioner's criminal history category was assessed at category II, based on one prior offense that merited a three-point assessment. *See* CR ECF No. 28-1, at 16-17. Petitioner has not shown that the assessment of three points was legally incorrect; thus, Petitioner's third ground for relief is also factually meritless.

### D. Failure to Object to Unlawfully Seized Property

Petitioner argues that counsel failed to make objections to unlawfully seized property, resulting in his conviction. *See* ECF No. 2, at 8. Petitioner contends his conviction and sentence should be vacated because he was denied his constitutional right to effective assistance of counsel *prior to* the entry of his guilty plea. Specifically, Petitioner argues counsel was ineffective for failing to object to the seizure of property that Petitioner agree to forfeit as part of his plea agreement.

"By pleading guilty to an offense . . . a criminal defendant waives all non-jurisdictional defects preceding the plea." *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [professional] standards.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner has not shown counsel caused him to enter a plea of guilty without a full understanding of the nature of the charges against him or the consequences of his plea. Nor has Petitioner shown that, but for counsel's purported failures, he would not have pleaded guilty to one offense but would have proceeded to trial on both alleged offenses.

In his plea agreement, Petitioner assured the Court he had (1) "thoroughly reviewed all legal and factual aspects" of his case with his lawyer; (2) "received from his lawyer explanations satisfactory to him concerning each paragraph of [his] plea agreement, each of his rights affected by [his] agreement, and the alternatives available to him other than entering into [the] agreement"; and (3) concluded, "after conferring with his lawyer," that it was "in his best interest to enter into

6

[the] plea agreement . . . rather than to proceed to trial in this case." *See* CR ECF No. 22, at 4-6. Petitioner advised the Court he was "fully satisfied" with his "lawyer's legal representation." *See id.* Petitioner averred the facts set forth in the factual resume that constituted the offense were true and correct. *Id.*, at 2.

At his re-arraignment, Petitioner verbally averred to the Court that he had read and understood his plea documents, understood the elements of the charged offense to which he was pleading guilty, and understood he was giving up the right to make the Government prove its case beyond a reasonable doubt. *See* CR ECF No. 50, at 4-7, 9. Petitioner avowed he was aware he could not plead guilty if he was not, in fact guilty. *See id.* For these reasons and those addressed more fully above, the Court finds Petitioner's guilty plea to Count 1 was voluntarily and knowingly entered. Additionally, Petitioner specifically agreed to forfeit the property in question as part of the valid and binding plea agreement. *See* CR ECF Nos. 22, at 5; 22-1, at 1-2.

By virtue of his valid and voluntary guilty plea to Count 1, Petitioner has waived any non-jurisdictional claims occurring prior to entry of his guilty plea and is now precluded from raising his pre-plea ineffective assistance of counsel claims. Consequently, Petitioner's fourth ground for relief is **DENIED**.

CONCLUSION

For the reasons set forth above, the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 2) filed by Petitioner Pat Jarrett Helton is **DENIED**.

**SO ORDERED.**

June __2__, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

7